IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALLERGAN USA, INC., ALLERGAN )
HOLDINGS UNLIMITED COMPANY and )
EDEN BIODESIGN, LLC. )
 )
      Plaintiffs, )
 )
      v. )    C.A. No. 19-1727 (RGA)
 )
AUROBINDO PHARMA LTD., )
AUROBINDO PHARMA USA, INC., )
ALKEM LABORATORIES LIMITED, )
HETERO LABS LIMITED, HETERO USA )
INC., MSN LABORATORIES PRIVATE )
LIMITED, MSN PHARMACEUTICALS, )
INC., SUN PHARMACEUTICAL )
INDUSTRIES LIMITED and ZYDUS )
PHARMACEUTICALS (USA) INC., )
 )
      Defendants. )

## [PROPOSED] SCHEDULING ORDER

This ____ day of _____, 2020, the Court having conducted an initial Rule

16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined

after discussion that the matter cannot be resolved at this juncture by settlement, voluntary

mediation, or binding arbitration;

IT IS ORDERED that:

1.    <u>Rule 26(a)(1) Initial Disclosures</u>.  Unless otherwise agreed to by the parties, the

parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)

within fifteen days of the date of this Order.

2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before March 12, 2021.

3.      Discovery.  Unless otherwise agreed to by the parties, the parties agree to follow the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (the "Default Standard").  The parties agree to modify the Default Standard such that Paragraph 3 disclosures will be due on February 7, 2020; Paragraph 4(a) obligations will be due on February 17, 2020; Paragraph 4(b) obligations will be due on March 20, 2020; Paragraph 4(c) obligations will be due on April 24, 2020; and Paragraph 4(d) obligations will be due on May 29, 2020.  Unless otherwise ordered by the Court, the limitations on discovery set forth in the Federal Rules of Civil Procedure and Delaware Local Rules shall be strictly observed.

a.      Electronic Service.   Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties agree to accept service by electronic means.

b.      Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before May 14, 2021.

c.      Document Production.   Document production shall be substantially completed by December 11, 2020.

d.      Requests for Admission.  A maximum of 30 requests for admission are permitted for each side, not counting any request to admit the authenticity of a document produced by the party receiving the request.[1]

e.      Interrogatories.  A maximum of 10 common interrogatories, including discrete subparts and including contention interrogatories, are permitted for each side.  No more

---

[1] As used herein, "side" shall mean all of the named plaintiffs, collectively, as one side and all of the named defendants, collectively, as the other side.

than an additional 7 individual interrogatories from plaintiffs to a particular defendant family[2] and an additional 7 individual interrogatories from each defendant family to plaintiffs, including discrete subparts and including contention interrogatories, are permitted.

      f.    Depositions.

          i.    Limitation on Hours for Fact Deposition Discovery. Each side is limited to a total of ninety hours of taking testimony by deposition upon oral examination, with no more than 30 hours spent on a single defendant family (excluding depositions of expert witnesses pursuant to Section 10(a) below). This limitation on deposition hours may be adjusted by written agreement of all of the parties or by Court order for good cause shown.

          ii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

          iii.    Foreign Language Depositions. For any deposition conducted primarily through an interpreter, 2 hours of time on the record will count for 1 hour of deposition time against this total allotment. For depositions conducted primarily in English, i.e., use of an interpreter is generally limited to periodic clarifications of questions or answers given in English,

---

[2] The parties agree that a "defendant family," as used herein, consists of the defendant entities that are direct or indirect corporate affiliates of each other. For purposes of this case, there are currently six (6) separate defendant families: (1) Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc.; (2) Alkem Laboratories Limited; (3) Hetero Labs Limited and Hetero USA Inc.; (4) MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc.; (5) Sun Pharmaceutical Industries Limited; and (6) Zydus Pharmaceuticals (USA) Inc.

1 hour of time on the record will count for 1 hour of deposition time against the total allotment, regardless of the use of an interpreter.

        g.      Discovery Matters and Disputes Relating to Protective Orders.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument.  Unless otherwise ordered, by no later than seven business days prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order.  Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

        If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

        h.      Miscellaneous Discovery Matters.

        i.      Other Litigation.  Other than the above-captioned case, there is no other pending or completed litigation, including *inter partes* reviews ("IPRs"), involving any of

4

the asserted patents. Plaintiffs do not currently expect to institute any further litigation in this or other Districts within the next year. Defendants do not currently plan to file an IPR.

   ii. <u>Narrowing of the Asserted Claims and Prior Art References</u>. The parties shall meet and confer regarding asserted claim and prior art narrowing, including limits on the number of Plaintiffs' asserted claims and Defendants' asserted prior art references or combinations and any other relevant issues. The parties shall raise any unresolved issues with the Court pursuant to the provisions of Paragraph 3(g), above, so as to be resolved sufficiently ahead of each deadline set forth below.

   (A) Within fourteen days of the Court's Order on claim construction, or if no claim construction is requested, on March 1, 2021, Plaintiffs shall serve an election of asserted claims, not to exceed the limit agreed upon by the parties or ordered by the Court.

   (B) Within twenty eight days of the Court's Order on claim construction, or if no claim construction is requested, on March 15, 2021, Defendants shall serve an election of prior art and combinations, not to exceed the limit agreed upon by the parties or ordered by the Court.

   iii **[Plaintiffs' Proposal:** Plaintiffs respectfully request that the Court not include Paragraph 3(g)(iv) of the Court's form scheduling order in patent cases.] **[Defendants' Proposal:** If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling

conference. Plaintiff shall represent in the scheduling order that it is complying or has complied with this requirement. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.]

4.     Application to Court for Protective Order.   Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings.   By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.     Papers Filed Under Seal.  When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in Paragraph 6.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.     Courtesy Copies.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

6

7.    Claim Construction Issue Identification.  On or before June 25, 2020, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than July 20, 2020.  The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

8.    Claim Construction Briefing[3].  The Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,000 words, on August 5, 2020.  The Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on September 2, 2020.  The Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on October 5, 2020.  The Defendants shall serve, but not file, their sur-reply brief, not to exceed 2,500 words, on November 2, 2020.  No later than November 23, 2020, the parties shall file a Joint Claim

---

[3]  As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means.  These verifications should not be provided to the Court unless a dispute arises about them.  Pictures, Figures copied from the patent, and other illustrations do not count against the word limit.  Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized.  Should Defendant want to add additional representative claims, Defendant may do so.  The representative claims and the agreed-upon claim constructions do not count against the word limits.

Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.   Representative Claims

II.  Agreed-upon Constructions

III. Disputed Constructions

A.   [TERM 1][4]

1.   Plaintiffs' Opening Position
2.   Defendants' Answering Position
3.   Plaintiffs' Reply Position
4.   Defendants' Sur-Reply Position

B.   [TERM 2]

1.   Plaintiffs' Opening Position
2.   Defendants' Answering Position
3.   Plaintiffs' Reply Position
4.   Defendants' Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9.   <u>Hearing on Claim Construction</u>.  Beginning at 9:00 a.m. on December 21, 2020, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.  When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-

---

[4]   For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

        10.     <u>Disclosure of Expert Testimony</u>.

            a.     <u>Expert Reports</u>.  For the party that has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before June 23, 2021.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before August 18, 2021.  Reply expert reports from the party with the initial burden of proof are due on or before October 13, 2021.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report.  The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

        Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  All expert depositions shall be completed by December 17, 2021.

            b.     <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than January 21, 2022.  Oppositions shall be filed no later than February 11, 2022, and replies shall be filed by February 25, 2022.  Briefing on such motions is subject to the page limits set out in Local Rule 7.1.3(a)(4).

11.   Case Dispositive Motions.   No case dispositive motion shall be filed without leave of Court.

12.   Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.   Pretrial Conference.  On April 5, 2022, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14.   Motions *in Limine*.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion.  Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.  Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

10

15.   <u>Trial.</u> This matter is scheduled for a bench trial beginning at 8:30 a.m. and ending at 5:00 p.m. on May 2, 2022 with the subsequent trial days beginning at 8:30 a.m. and ending at 5:00 p.m.   The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.   The Court will hold a status conference with counsel on January 7, 2022 @ 9:00 am to discuss the length and format of any trial(s) in this action and related action 19-1674-RGA.   No later than 48 hours before this scheduling conference, the parties shall submit a joint letter reflecting their joint or competing proposals with respect to the length and format of any trial(s), including whether any party proposes any individual bench trial(s) regarding infringement issues.

16.   <u>ADR Process</u>.   This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE